O/JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## <u>CIVIL MINUTES - GENERAL</u>

Case No. CV 08-3086 DOC                                      Date: October 31, 2008

Title: SHIRLEY BORCHARDT -V- JOHN H. REID, ET. AL.,

DOCKET ENTRY
      [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                Date:_____   Deputy Clerk: _____

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

   Kristee Hopkins                                    Not Present   
Courtroom Clerk                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                      NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING 12(b)(1) MOTION TO DISMISS PLAINTIFF'S
                                 FIRST AMENDED VERIFIED CIVIL RIGHTS AND HATE
                                 CRIMES COMPLAINT

        Before the Court are Defendants' County of Los Angeles, Steve Cooley, Sean P. Feeney, Richard A. Marker, Ann Katherine Shell, J. Stephen Czuleger (erroneously sued as "John S. Czuleger"), Richard Stone, Lisa Hart Cole, Gerald Rosenberg, Linda K. Lefkowitz, John H. Reid, Richard P. Neidorf, Valerie L. Baker Fairbank, and William C. Vickrey Motions to Dismiss Amended Complaint for Copyright Infringement as well as Defendant Victoria B. Henley's (collectively "Defendants") Motion for a More Definite Statement (the "Motions").  The Court finds the Motions appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.  After considering the moving, opposing, and replying papers, the Court hereby GRANTS all of the Motions except that of Defendants Ann Katherine Shell and Victoria B. Henley, as they are rendered moot by this Order.

MINUTES FORM 11 DOC                                      Initials of Deputy Clerk _kh_
CIVIL - GEN                                      Page 1 of 5

## I. BACKGROUND

On May 9, 2008, Plaintiff Shirley Borchardt ("Plaintiff") brought suit against officers of the Los Angeles Superior Court, the County of Los Angeles, the Judicial Council of the State of California, the Administrative Office of the Courts, the California Commission on Judicial Performance, and the District Attorney of Los Angeles Count, alleging several federal and state law claims. Plaintiff's federal claims were brought pursuant to 42 USC §§ 1981, 1982, 1983, 1985 and 1986. Plaintiff's state law claims were a violation of Cal. Civ. Code § 51, violation of Cal. Civ. Code § 52.1, intentional infliction of emotional distress, and negligent infringement of emotional distress.

Each of Plaintiff's claims stems from Plaintiff's dissatisfaction with the rulings and judgments in four state court actions. Two of the actions were unlawful detainer actions filed in the Superior Court of California, County of Los Angeles, by Richard Marker ("Marker") on behalf of Plaintiff's landlord, Robert Harryman ("Harryman"). Harryman voluntarily dismissed the first action due to the death of Harryman's process server, whom Plaintiff had the right to cross-examine. LASC No. 05U00023. Immediately after the dismissal of the first unlawful detainer action, Harryman brought a new unlawful detainer action against Plaintiff, based on Plaintiff's failure to timely tender her rent. LASC No. 05U00642. Harryman prevailed in the second unlawful detainer action on a summary judgment motion, obtaining a judgment of eviction and an order for the payment of attorney's fees. Feeney Mot. to Dismiss, 7:7 - 7:11.

Plaintiff then brought at least two civil actions against Marker arising out of the unlawful detainer actions, alleging malicious prosecution *et al.* SC No. 087133; SC No. 0898954. Plaintiff dismissed SC No. 087133 due to alleged "unconscionable discovery abuse by Harryman's attorney, Ann Katherine Shell," lost SC No. 0898954, and was required to pay attorney's fees in SC No. 0898954.

Plaintiff now sues the judicial officers, state officials and attorneys who are allegedly responsible for the four aforementioned adverse state court judgments ("the Judgments"). Plaintiff bases her claims on allegations that the Defendants intentionally deprived her of her property and discriminated against her in their rulings and judicial activities. Plaintiff claims that she attempted to have two of the judges who presided over her cases disqualified, and that the decision not to disqualify them was in error. Further, Plaintiff claims that the Defendants conspired against her to evict her from her property and to render orders for payment of Harryman's costs and attorney's fees. In her complaint, Plaintiff requested declaratory relief; compensatory, exemplary and civil damages; and an injunction.

Defendants have filed several motions requesting that this case be dismissed, each of which argues that the complaint fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), and some of which also argue that the Plaintiff's complaint is barred by judicial immunity or the litigation privilege, that Plaintiff's claims are barred by the principles of res judicata

and collateral estoppel, that this court lacks subject matter jurisdiction over this case pursuant to Fed. R. Civ. P. 12(b)(1), and that Plaintiff's service of process on Defendant Ann Katherine Shell was deficient. Because this Court must dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1), it need not address each of Defendants' arguments.

## II. LEGAL STANDARD

### A. SUBJECT MATTER JURISDICTION

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the Court lacks subject matter jurisdiction to adjudicate the claims. Once subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the Court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

In her nearly identical oppositions to the Motions, Plaintiff does not address the issues raised in said Motions, including this Court's lack of subject matter jurisdiction. Instead, Plaintiff consistently argues that it is "improper for Plaintiff to be held to respond to any of the motions." For the following reasons, this Court does not have subject matter jurisdiction over Plaintiff's case.

### 1. Plaintiff's Complaint is Barred by the Rooker-Feldman Doctrine

United States District Courts do not have jurisdiction to review the final determinations of state court proceedings. *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) (outlining the Rooker-Feldman Doctrine). The Rooker-Feldman Doctrine applies to the decisions of both the state's highest court as well as the lower state courts. *Id*. at 893, n. 3. While federal district courts may review "'general'" constitutional challenges that "'do not require review of a final state court decision in a particular case,'" this case involves an impermissible review of the merits of state court cases concerning state unlawful detainer actions. *Branson v. Nott*, 62 F.3d 287, 292 (9th Cir. 1995).

Plaintiff's complaint alleges that Defendants conspired to bring about erroneous and unfair rulings against her. Plaintiff requests that this Court review those rulings and reverse them. Thus, Plaintiff's federal claims are "inextricably intertwined" with the state court decisions at issue and

this Court does not have subject matter jurisdiction to hear this case.  *See, e.g., D.C. Cir. v. Feldman*, 460 U.S. 462, 483, n.16 (1983)("If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do.").

## 2. Plaintiff's Complaint is Barred by the Eleventh Amendment

To the extent that Plaintiff's claims pertain to actions taken by the Defendants in their official capacity, this Court is also unable to hear Plaintiff's claims pursuant to the Eleventh Amendment.  The Eleventh Amendment bars any action, brought by an individual, against a state, state agency or state official acting in an official capacity unless the state has consented to suit or Congress has expressly abrogated state sovereign immunity under an applicable statute.  *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991).  None of the parties have consented to this suit.  Further, none of the federal statutes at issue abrogates sovereign immunity.

Plaintiff's claims against many, though not all, of the Defendants are barred by the Eleventh Amendment.  Plaintiff has sued the following state officials:  Judge S. Czuleger in his capacity as the Presiding Judge of the Superior Court of California, Los Angeles; William C. Vickrey in his official capacity as the Administrative Director of the Administrative Offices of the Courts (a state agency); Victoria Baker Henley in her official capacity as Director of the California Commission on Judicial Performance; Steve Cooley in his official capacity as Los Angeles County District Attorney; and Judge Reid, Judge Rosenberg, Judge Stone, Judge Cole, Judge Lefkowitz, Judge Neidorf, and Judge Fairbank in their official capacities as judicial officers of the State of California.  Although Judge Fairbank is now a federal judge, she is a former Superior Court judge and is being sued in that capacity.  Although Judge Neidorf is now retired, he is a former Superior Court judge and is being sued in that capacity.

The fact that Plaintiff has brought both federal and state law claims against the aforementioned Defendants is of no import.  "[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment," as is a claim that state officials violated federal law in carrying out their official responsibilities.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 120-21, 104 S.Ct. 900 (1984).  Plaintiff claims that said officials failed in their official capacities by not ruling in an appropriate manner or failing to properly oversee the judicial officers involved in this case.  Because such claims pertain to actions taken by said officials in their official capacities – as opposed to their individual capacities – the Eleventh Amendment bars Plaintiff's claims against the aforementioned Defendants.

For the foregoing reasons, the Motions to dismiss this case under FED. R. CIV. P. 12(b)(1) are GRANTED.

**IV. OUTCOME**

       While this Court is inclined to hold that none of Plaintiff's claims constitute claims upon which relief may be granted, the Court need not reach this issue as it does not have jurisdiction to hear Plaintiff's case under FED. R. CIV. P. 12(b)(1).  The Court hereby GRANTS all of the Motions except that of Defendants Ann Katherine Shell and Victoria B. Henley, which are rendered moot by this Order.

       The Clerk shall serve this minute order on all parties to the action.